UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

AERION C. KING,
      Plaintiff,

v.                                                Case No. 17-C-201

DR. GARY ANKARLO, *et al.*,
      Defendants.

## ORDER

Plaintiff Aerion C. King, who is representing himself, filed a lawsuit under 42 U.S.C. § 1983 in February 2017. He is proceeding on Eighth Amendment claims against numerous defendants for failure to protect and deliberate indifference. Plaintiff has filed a motion for a preliminary injunction, Docket No. 35, as well as two motion to appoint counsel, Docket Nos. 36 and 39, and a motion for an extension of time to complete discovery, Docket No. 42. I will address each of plaintiff's motions.

**A.    Preliminary Injunction**

In his motion for a preliminary injunction, plaintiff asks to be transferred to a different institution, specifically a mental health facility. He states that staying at Green Bay Correctional Institution (GBCI), which is not a mental health facility, poses a danger to his safety and his life. Standard intervention at GBCI does not control his self-destructive and self-harming episodes. Docket No. 35 at 2-5.

The Prison Litigation Reform Act allows inmates to seek preliminary injunctive relief. 18 U.S.C. § 3626(a)(2). A preliminary injunction is an extraordinary remedy and may only be awarded upon a clear showing that: (1) plaintiff has at least a reasonable likelihood of success on the merits, (2) he has no adequate remedy at law and will

otherwise be irreparably harmed, (3) the threatened injury to plaintiff outweighs the threated harm the preliminary injunction may cause the defendants, (4) and granting the preliminary injunction will not disserve the public. *Godinez v. Lane*, 733 F.2d 1250, 1257 (7th Cir. 1984).

When plaintiff filed his lawsuit, he also filed a motion for a preliminary injunction. Docket No. 5. A different district judge, the Honorable J.P. Stadtmueller, screened plaintiff's complaint and ruled on his motion for a preliminary injunction, considering the supplemental materials plaintiff filed in the interim. Docket No. 23. His first motion for a preliminary injunction raised nearly identical concerns. *See* Docket No. 5. While time has passed, and plaintiff has engaged in more self-harm in that time, the substance of his motion has not changed. As Judge Stadtmueller explained, courts are generally not to interfere with how prison administrators operate prisons by issuing a preliminary injunction, *see* 18 U.S.C. § 3626(a)(2), and courts lack expertise in how a prison should treat and manage inmates with mental health disorders. *See* Docket No. 23 at 9-10. All plaintiff has offered is his own opinion on how prison officials should incarcerate him and treat his mental health disorder, and this is not enough to allow me to issue "[p]reliminary injunctive relief [that is] narrowly drawn, extend[ing] no further than necessary to correct the harm the court finds requires preliminary relief, and [is] the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

Furthermore, and as before, plaintiff has not satisfied the preliminary injunction standards because he has not submitted anything that shows a likelihood of success on the merits. Just as the possibility that prison staff might be deliberately indifferent to plaintiff's risk of self-harm was not enough to issue a preliminary injunction previously, it

2

is not enough (standing alone) to issue a preliminary injunction now. I will therefore deny his motion.

**B.     Motion to Appoint Counsel**

Plaintiff has requested that I appoint him an attorney, docket no. 36 and 42, and I have discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case, *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). Once a plaintiff demonstrates he has made a reasonable attempt to secure counsel on his own, I examine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (citing *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007)). This inquiry focuses not only on a plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." *Id*.

Plaintiff's submission demonstrates that he has made the requisite reasonable effort to find his own attorney. He states that he receives the help of another inmate, who is located in a different part of GBCI, making communication difficult, and that his mental health issues impair his ability to present his case on his own. However, plaintiff's access to his jailhouse lawyer is not the operative question; instead, the question is whether plaintiff can himself competently present the case. *See Henderson v. Ghosh*, 755 F.3d 559 , 565 (7th Cir. 2014). It seems that nearly all of plaintiff's submissions have been authored by his jailhouse lawyer. While I understand that plaintiff's mental illness may impair his ability to present his case, I cannot make an

accurate finding without more information about plaintiff's own ability to present his case. Furthermore, I am granting his motion for an extension of time, and plaintiff is free to request more time to meet other deadlines as he needs to. Therefore, I will deny his motions without prejudice.

**C.  Motion for Extension of Time**

Finally, plaintiff has requested that I grant him an extension of time to engage in discovery. I will grant this motion. The discovery deadline is now May 1, 2018. To accommodate this extension, I will also extend the dispositive motion deadline to June 1, 2018.

**THEREFORE, IT IS ORDERED** that the plaintiff's motion for a preliminary injunction (Docket No. 35) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motions to appoint counsel (Docket Nos. 36 and 39) are **DENIED WITHOUT PREJUDICE**.

**IT IS ALSO ORDERED** that the plaintiff's motion to extend the time for discovery (Docket No. 42) is **GRANTED**. Discovery is due **May 1, 2018**. To accommodate this extension, dispostive motions are now due **June 1, 2018**.

Dated at Milwaukee, Wisconsin, this 29th day of March, 2018.

s/Lynn Adelman_____<br>
LYNN ADELMAN<br>
United States District Judge